IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IPCOM GMBH & CO. KG, § § § Plaintiff, § § v. § § SPRINT SPECTRUM L.P., SPRINTCOM, § INC, SPRINT COMMUNICATIONS, INC., § SPRINT COMMUNICATIONS CO., L.P., § SPRINT CORPORATION, DEUTSCHE § TELEKOM AG, T-MOBILE US, INC., T- § MOBILE USA INC, § § Defendants. § | CIVIL ACTION NO. 2:20-CV-00321-JRG |

## ORDER

Before the Court is Defendant Deutsche Telekom AG's Motion to Dismiss For Lack Of Personal Jurisdiction Pursuant to Federal Rule Of Civil Procedure 12(B)(2) (Dkt. No. 20) (the "Motion"). In the Motion, Defendant Deutsche Telekom AG ("Deutsche Telekom") requests the Court dismiss the claims brought against it by IPCom GMBH & Co. KG ("IPCom") for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Having considered the Motion, and for the reasons stated herein, the Court **ORDERS** the parties to conduct jurisdictional discovery as described below to be completed within **forty-five (45) days** of this Order, and **CARRIES** the Motion pending the completion of said discovery.

I.  BACKGROUND

Plaintiff IPCom brought the above-captioned suit against Defendant Deutsche Telekom AG as well as Sprint Spectrum, L.P. (d/b/a Sprint PCS), SprintCom, Inc., Sprint Communications Inc., Sprint Communications Company, L.P., and the Sprint Corporation (the "Sprint Entities")

1

(collectively, the "Defendants") on October 1, 2020.  IPCom alleged that the Defendants had both directly and indirectly infringed claims of U.S. Pat. Nos. 7,333,822; 10,382,909; 6,813,261; 7,006,463; and 6,983,147 (the "Patents-in-Suit") by "operat[ing] one or more wireless telecommunications networks to provide wireless telecommunications services in the United States."  (Dkt. No. 1 at 2.)

Defendant Deutsche Telekom is a German corporation headquartered in Bonn, Germany, and the indirect corporate parent of the Sprint Entities.  (Dkt. No. 20 at 10-11.)  On April 1, 2020, the Sprint Entities completed a merger with T-Mobile US, Inc. ("T-Mobile") and are currently consolidated wholly-owned subsidiaries of T-Mobile USA, Inc. ("T-Mobile USA"), which in turn is a wholly-owned subsidiary of T-Mobile.  (*Id*. at 10)  Deutsche Telekom indirectly (through various subsidiaries) controls at least a 43% share of T-Mobile.  (*Id*.)

In its First Amended Complaint, IPCom accuses at least the "Sprint CDMA Network," "Sprint LTE Network," and "Sprint 5G Network" of infringing certain claims of the Patents-in-Suit.  (Dkt. No. 7.)[1]  Following the merger between T-Mobile and the Sprint Entities, in July 2020, T-Mobile deactivated Sprint's legacy 5G network.  (Dkt. No. 20 at 10.)  The "legacy Sprint LTE infrastructure" is currently being integrated with T-Mobile's network.  (*Id*.)

## II.    LEGAL STANDARDS

"Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant."  *Cunningham v. CBC Conglomerate, LLC*, 359 F. Supp. 3d 471, 476 (E.D. Tex. 2019).  Where a claim involves substantive questions of patent law, the Court applies Federal Circuit law to evaluate personal jurisdiction.  *NexLearn, LLC*

---

[1] IPCom has subsequently filed a Second Amended Complaint adding T-Mobile US, Inc., and T-Mobile USA, Inc. as defendants (Dkt. No. 44).  However, the parties have stipulated that the issues raised in the Motion are substantially unchanged and apply equally to the Second Amended Complaint.  (Dkt. No. 52.)

*v. Allen Interactions, Inc.*, 859 F.3d 1371, 1375 (Fed. Cir. 2017).  However, the Fifth Circuit relies on the same analysis as the Federal Circuit in deciding whether personal jurisdiction exists. *Packless Metal Hose, Inc. v. Extek Energy Equip. (Zhejiang) Co.*, No. 2:09-CV-265-TJW, 2011 WL 504048, at *1 n.1 (E.D. Tex. Feb. 10, 2011).

Personal jurisdiction exists over a defendant where "a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *NexLearn, LLC*, 859 F.3d at 1375.  "Because Texas's long-arm statute is coextensive with the Due Process Clause of the Fourteenth Amendment, the two inquiries merge." Carmona v. Leo Ship Mgmt., Inc., 924 F.3d 190, 193 (5th Cir. 2019) (citations omitted).  The Due Process Clause requires that a defendant have sufficient minimum contacts with the forum to confer either general or specific personal jurisdiction. *Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 592 (E.D. Tex. 2019).

General personal jurisdiction exists when the defendant's contacts with the forum are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  Specific personal jurisdiction exists where "'(1) the defendant purposefully directed its activities to the forum State; (2) the claims arise out of or relate to those activities (collectively, the minimum contacts prong); and (3) the assertion of jurisdiction is reasonable and fair.'"  *Wapp*, 406 F. Supp. 3d at 592 (quoting *NexLearn, LLC*, 859 F.3d at 1376 (citations omitted)).

Personal jurisdiction may also exist under Rule 4(k)(2) of the Federal Rules of Civil Procedure where "(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and

laws." Fed. R. Civ. P. 4(k)(2).   The analysis under Rule 4(k)(2) mirrors that of the personal jurisdiction analysis except the defendant's contacts are measured in relation to the United States as a whole.  *See, e.g., MWK Recruiting, Inc. v. Jowers*, No. 1:18-CV-444-RP, 2019 WL 7761445, at *9 (W.D. Tex. July 29, 2019).

The Court may order jurisdictional discovery "where pertinent facts bearing on the question of jurisdiction are controverted." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1235 (Fed. Cir. 2010).  "[J]urisdictional discovery should only be denied where it is impossible that the discovery 'could ... add[ ] any significant facts' that might bear on the jurisdictional determination." *Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, No. 2:17-cv-00430, 2019 WL 2210686, at *3 (E.D. Tex. May 22, 2019).

### III.    ANALYSIS

Deutsche Telekom contends that IPCom's claims against it should be dismissed because it lacks sufficient minimum contacts with the state of Texas, the United States in general, and the alleged infringing activities.

First, Deutsche Telekom argues that IPCom has not plead a *prima facie* case for general personal jurisdiction because IPCom has not shown that Deutsche Telekom has continuous and systematic ties rendering it at home in the state of Texas. (Dkt. No. 20 at 11-12.)  In response, IPCom concedes that it is not attempting to establish general personal jurisdiction exist as to Deutsche Telekom.  (Dkt. No. 34.)

Next, Deutsche Telekom contends that IPCom has not plead a *prima facie* case for specific personal jurisdiction because it has shown "no direct contacts of Deutsche Telekom with Texas, let alone contacts related to IPCom's claims." (Dkt. No. 20 at 12.)  In support of these arguments, Deutsche Telekom relies on a declaration from Dr. Axel Lützner, "Vice President M&A, Legal

4

Corporate Finance at Deutsche Telecom." (Dkt. No. 20-2.)  In his declaration, Dr. Lützner states that "Deutsche Telekom generally has no control over the day-to-day business of T-Mobile or Sprint, nor control over the majority of operational decisions made by T-Mobile or Sprint[.]" (Dkt. No. 20-2 at 12.)  In response, IPCom argues that Dr. Lützner's declaration alone proves that specific personal jurisdiction exists over Deutsche Telekom because Dr. Lützner tacitly concedes that some portion of control—even if not the "majority" of "day-to-day" operational decisions—is exercised by Deutsche Telekom over T-Mobile and Sprint.  (Dkt. No. 34 at 23-24.)  IPCom further points to statements made by the CEO of Deutsche Telekom Tim Höttges that Deutsche Telekom engineers are directly involved in the operations of T-Mobile's network.  (Dkt. No. 34 at 20.)

In addition, IPCom argues that Deutsche Telekom "Represented to Other Courts that it Operates in the U.S." (Dkt. No. 34 at 21.)  In particular, IPCom notes that Deutsche Telekom filed a trademark infringement lawsuit in the United States District Court for the Southern District of Texas in 2013 (the "2013 Lawsuit") where it alleged that it owned and used trademarks in the United States "by itself and through its affiliates and licensees." (*Id*. at 21-22.)  IPCom further notes that Dr. Lützner also filed a declaration in the 2013 Lawsuit where he stated, "In July of 2002, [Deutsche Telekom] and its affiliate T-Mobile U.S.A. began offering telecommunications products and services across the United States under the T-Mobile brand and the Magenta Mark." (*Id*. at 22.)  Based on these representations, IPCom further contends that Dr. Lützner's statements in his declaration for the above-captioned case contradict his statements in his declaration for the 2013 Lawsuit.  (Dkt. No. 34 at 23-24.)

In response, Deutsche Telekom contends that neither it nor Dr. Lützner have contradicted any positions taken in the 2013 Lawsuit and that IPCom has identified no evidence establishing

personal jurisdiction. Deutsche Telekom argues that IPCom is merely making "semantic accusation" regarding the language in Dr. Lützner's declaration and states that he made "unequivocal statements that [Deutsche Telekom] is not involved in any decisions regarding Sprint's legacy network, including its base stations and messaging centers." (Dkt. No. 39 at 10.) With regard to the 2013 Lawsuit, Deutsche Telekom argues that the statements cited by IPCom actually "confirm[] the separate corporate status of [Deutsche Telekom] and T-Mobile" because "[t]he lawsuits indicate that [Deutsche Telekom] and T-Mobile maintain an arms-length relationship in intellectual property matters." (Dkt. No. 39 at 14.) Deutsche Telekom further argues that Dr. Lützner's statements in the 2013 Lawsuit that "[Deutsche Telekom] and its affiliate T-Mobile U.S.A. began offering telecommunications products and services across the United States" in 2002 are irrelevant because they "describe[] [Deutsche Telekom's] relationship with T-Mobile USA 18 years before the T-Mobile/Sprint merger." (*Id*. at 14-15.) Deutsche Telekom also argues that the statements of its CEO are not relevant to the inquiry as they took place during antitrust proceedings and describe Deutsche Telekom and T-Mobile's relationship prior to the Sprint merger.

Based on both parties' arguments, as well as the statements in Dr. Lützner's declaration, the Court concludes that several pertinent facts bearing on the question of jurisdiction are controverted in this case and jurisdictional discovery is appropriate to shed light on the same. The Court finds that the *current state* of the relationship between Deutsche Telekom and T-Mobile, and the state of that relationship during the period of alleged infringement, is critical to determining whether or not personal jurisdiction exists over Deutsche Telekom in this forum, but cannot be determined from the current record. As one example, Dr. Lützner's use of equivocal phrases such as "day-to-day business" and "the majority of operational decisions" in his declaration, as well as

his statements in pervious litigation, prevents the Court at this juncture from determining the extent of control, if any, Deutsche Telekom exercises over the T-Mobile and/or Sprint legacy networks and, in particular, over the allegedly infringing aspects of those network. The Court therefore concludes that jurisdictional discovery is appropriate to clarify these issues.

### IV.  CONCLUSION

Accordingly, for the reasons stated above, Deutsche Telekom is hereby **ORDERED** to provide IPCom with a three (3) hour Federal Rule of Civil Procedure 30(b)(6) deposition of Dr. Lützner, to be conducted virtually, regarding the topics raised in the Motion and an additional three (3) hour Rule 30(b)(6) deposition, also conducted virtually, of a witness with knowledge of any topics over which Dr. Lützner does not have knowledge, including but not limited to Deutsche Telekom's U.S. trademark litigation described in the Motion. It is further **ORDERED** that IPCom may serve up to six (6) interrogatories regarding the topics raised in the Motion, which are to be responded to within twenty (20) days of receipt. Such discovery shall be completed no later than **forty-five (45) days** from the date of this Order. The parties shall jointly notify the Court of the results of such targeted discovery when completed. Defendant Deutsche Telekom AG's Motion to Dismiss For Lack Of Personal Jurisdiction Pursuant to Federal Rule Of Civil Procedure 12(B)(2) is **CARRIED** until the completion of said discovery.

**So ORDERED and SIGNED this 23rd day of November, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE